**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KI CHUL SEONG, an individual, and OPEC ENGINEERING CO., LTD., a Korean Corporation, | CASE NO.: 15-CV-2234 |
| Plaintiffs. | COMPLAINT FOR: |
| v. | |
| PAPS USA, LLC., an Illinois Limited Liability Company; PUNGKUK EDM WIRE MANUFACTURING CO., a Korean Corporation; MACT CO., LTD, a Korean Corporation; and DOES 1 through 10, inclusive, | PATENT INFRINGEMENT |
| Defendants. | Jury Trial Demanded |

## COMPLAINT

NOW COME the Plaintiffs, KI CHUL SEONG and OPEC ENGINEERING CO., LTD. (collectively "Plaintiffs"), by and through their undersigned counsels, for their Complaint against the Defendants, PAPS USA, LLC., an Illinois Limited Liability Company, PUNGKUK EDM WIRE MANUFACTURING CO., a Korean Corporation, MACT CO., LTD, a Korean Corporation, and DOES 1 through 10, inclusive (collectively "Defendants") allege as follows:

## NATURE OF ACTION

1.      This action concerns Defendants' PATENT infringement and unfair competition under the patent laws of the United States of America, Title 35 of the United States Code §271, *et seq.* Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

## JURISDICTION AND VENUE

2.     This is an action for patent infringement, arising under the patent laws of the United States of America, Title 35 of the United States Code.  Jurisdiction is founded on 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to patents).

3.     This Court has personal jurisdiction over Defendants in that one or more of them have, directly or through agents and/or intermediaries, committed acts within Illinois giving rise to this action and/or have established minimum contacts with Illinois such that the exercise of jurisdiction would not offend traditional notions of fair play and justice.

4.     Upon information and belief, Defendants regularly conduct business in Illinois, and purposefully availed itself of the privileges of conducting business in Illinois. In particular, upon information and belief, Defendants, directly and/or through its agents and/or intermediaries, make, use, import, offer for sale, sell, and/or advertises its products and affiliated services in Illinois.

5.     Upon information and belief, Defendants have committed patent infringement in Illinois that has led to foreseeable harm and injury to Plaintiffs.  Upon information and belief, Defendants derive substantial revenue from the sale of infringing products distributed within Illinois and/or expects or should reasonably expect its actions to have consequences within Illinois. In addition, upon information and belief, Defendants knowingly induced, and continue to knowingly induce, infringement within Illinois by offering for sale, selling, and/or contracting with others to market infringing

products with the knowledge and intent to facilitate infringing use of the products by others within Illinois and by creating, importing, distributing and/or selling product information and other materials providing instruction for infringing use.

6.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and 28 U.S.C. § 1400(b).

## PARTIES

7.     Plaintiff KI CHUL SEONG ("SEONG") is an individual residing in Korea.

8.     Plaintiff OPEC ENGINEERING CO., LTD ("OPEC") is a corporation duly organized and existing under the laws of Korea, with its principal place of business in Korea.

9.     Upon information and belief, at all times relevant, Defendant PAPS USA, LLC. ("PAPS") is a Limited Liability Company duly organized and existing under the laws of Illinois, with its principal place of business in Vernon Hills, Lake County, Illinois.

10.     Upon information and belief, at all times relevant, Defendant PUNGKUK EDM WIRE MANUFACTURING CO. ("PUNGKUK") is a corporation duly organized and existing under the laws of Korea, with its principal place of business in Korea.

11.     Upon information and belief, at all times relevant, Defendant MACT CO., LTD ("MACT") is a corporation duly organized and existing under the laws of Korea, with its principal place of business in Gyeongggi-Do, Korea.

## FACTUAL BACKGROUND

12.     Plaintiff SEONG is the inventor and the owner of U.S. Patent No.

6,306,523, U.S. Patent No. 6,482,535, and U.S. Patent No. 6,492,036, (collectively referred to as "SEONG Patents"; Exhibits A, B, C, respectively) related to electrode wire for use in electrical discharge machining.

13.     Plaintiff SEONG has licensed SEONG Patents to Plaintiff OPEC, and Plaintiff OPEC manufactures, distributes and sells electrode wire according to SEONG Patents for use in electrical discharge machining.

14.     Plaintiff SEONG has not licensed the SEONG Patents to any entity other than Plaintiff OPEC.

15.     Plaintiffs, collectively, possess all rights conferred to SEONG Patents within a field that includes the manufacturing, using, distributing and sales of (1) electrode wire for use in electrical discharge machining, and (2) a certain method of manufacturing the same.

### Count I

FEDERAL PATENT INFRINGEMENT, TITLE 35 U.S.C. §271.
(AGAINST DEFENDANT PUNGKUK AND DEFENDANT PAPS)

16.     Plaintiffs incorporate paragraphs 1 through 15 herein by reference and further allege as follows:

17.     Upon information and belief, at all times relevant, Defendant PUNGKUK makes, uses, advertises, imports, offers for sale, and exclusively sells for subsequent sale in the United States through Defendant PAPS, including within Illinois and this Judicial District, the electrode wires for use in electrical discharge machining that directly infringe one or more claims of SEONG Patents, and therefore one or more SEONG Patents, as shown on Defendant PUNGKUK's website at www.pungkuk.com. Exhibit D.

18.     Upon information and belief, at all times relevant, Defendant PAPS

exclusively imports the electrode wires and other products made and/or sold by Defendant PUNGKUK, and thereafter uses, advertises, offers for sale, sells for subsequent sale in the United States, including within Illinois and this Judicial District, the electrode wires for use in electrical discharge machining that directly infringe one or more claims of SEONG Patents. Exhibit D.

19.     Sample printouts of Import Data of the infringing electrode wires, showing Defendant PAPS as the consignee in the United States and Defendant PUNGKUK as the shipper from Korea, are attached hereto as Exhibit E.

20.     Upon information and belief, at all times relevant, Defendant PUNGKUK and Defendant PAPS have actual notice of each of SEONG Patents.

21.     Upon information and belief, at all times relevant, Defendant PUNGKUK and Defendant PAPS were aware of each of SEONG Patents.

22.     Upon information and belief, at all times relevant, even after actual notice, Defendant PUNGKUK and Defendant PAPS continued to import, use, advertise, offer for sale, sell for subsequent sale in the United States, including within Illinois and this Judicial District, the infringing electrode wires for electrical discharge machining that directly infringe one or more claims of SEONG Patents.

23.     Upon information and belief, at all times relevant, even after full knowledge of SEONG Patents, Defendant PUNGKUK and Defendant PAPS willfully and wantonly continued to import, use, advertise, offer for sale, sell for subsequent sale in the United States, including within Illinois and this Judicial District, the infringing electrode wires for electrical discharge machining that directly infringe one or more claims of SEONG Patents, and therefore one or more SEONG Patents.

24.     Upon information and belief, at all times relevant, Defendant PUNGKUK's electrode wires and Defendant PAPS' electrode wires compete directly with Plaintiffs' product made according to SEONG Patents.

25.     Upon information and belief, at all times relevant, Defendant PUNGKUK and Defendant PAPS actively target customers of Plaintiffs with the intent to induce and contribute to the infringement of at least one claim of SEONG Patents.

26.     Upon information and belief, at all times relevant, Defendant PUNGKUK's electrode wires and Defendant PAPS' electrode wires are material components of the articles according to the claims of SEONG Patents and they are not staple articles of commerce capable of substantial non-infringing use, because the electrode wires are used for specific purpose in electrical cutting machines, specially designed for improving speed and efficiency of machining.

27.     As a result of Defendant PUNGKUK's and Defendant PAPS's inducement and contributory infringement of at least one claim of SEONG Patents, the distributors of Defendant PAPS and one or more Defendant DOES directly infringe at least one claim of SEONG Patents.

28.     As a result of Defendant PUNGKUK's and Defendant PAPS's inducement and contributory infringement of at least one claim of SEONG Patents, machinists use Defendant PUNGKUK's and Defendant PAPS's wires to directly infringe at least one claim of SEONG Patents.

29.     As a consequence of Defendant PUNGKUK's and Defendant PAPS's acts of infringement of one or more claims of SEONG Patents as set forth above, Plaintiffs have been damaged, and will continue to be damaged unless such acts are enjoined by

the Court.

30.     Upon information and belief, at all times relevant, Plaintiffs allege that Defendant PUNGKUK, as the principal entity, managing managers and employees of Defendant PAPS, ignoring much of the independent corporation formalities, comingling of funds, passing through profits and having informal accounting, and making the decision to make, ship and sell infringing wires to Defendant PAPS, cannot hide behind a corporate structure for Defendant PUNGKUK's inducing and contributing to the infringement of one or more claims of SEONG Patents by Defendant PAPS and other Defendants.

31.     Upon information and belief, at all times relevant, Plaintiffs allege that the president of Defendant PUNGKUK and the president of Defendant PAPS is the same person, Mr. Dong Cho Lee ("DCLEE"), as shown on the websites of Defendant PUNGKUK and the company brochure of Defendant PAPS, displaying the exactly same message and the exactly same content, touting the Defendant PAPS as if it were Defendant PUNGKUK.  Exhibit F.

32.     In fact, upon review of the Defendant PUNGKUK website at www.pungkuk.com, it is difficult to discern whether the Defendant PUNGKUK's website is Defendant PUNGKUK's website or Defendant PAPS's website. Exhibit G.

33.     As a consequence of Defendant PUNGKUK's and Defendant PAPS's acts of infringement of one or more of the claims of SEONG Patents as set forth above, Plaintiffs have been damaged, and will continue to be damaged unless such acts are enjoined by the Court.

## Count II

FEDERAL PATENT INFRINGEMENT, TITLE 35 U.S.C. §271.
(AGAINST DEFENDANT MACT)

34.     Plaintiffs incorporate paragraphs 1 through 33 herein by reference and further allege as follows:

35.     Upon information and belief, at all times relevant, Defendant MACT makes, uses, advertises, imports, offers for sale, sells for subsequent sale pre-drawn electrode wires to Defendant PUNGKUK which uses the Defendant MACT's pre-drawn wires to draw and form the infringing electrode wires that directly infringe one or more claims of SEONG Patents, and therefore one or more SEONG Patents,.

36.     Upon information and belief, at all times relevant, Defendant PAPS then imports the infringing electrode wires made by Defendant PUNGKUK, and thereafter uses, advertises, offers for sale, sells for subsequent sale in the United States, including within Illinois and this Judicial District, the electrode wires for use in electrical discharge machining that directly infringe one or more claims of SEONG Patents, and therefore one or more SEONG Patents,

37.     Upon information and belief, at all times relevant, Defendant MACT has actual notice of each of SEONG Patents.

38.     Upon information and belief, at all times relevant, Defendant MACT was aware of each of SEONG Patents.

39.     Upon information and belief, at all times relevant, knowing the electrode wires, as processed by Defendant PUNGKUK and sold by Defendant PAPS, directly infringe one or more claims of SEONG Patents, Defendant MACT continues to exclusively provide pre-drawn electrode wires for Defendant PUNGKUK, so that

Defendant PUNGKUK and Defendant PAPS will directly infringe one or more claims of SEONG Patents.

40. Upon information and belief, at all times relevant, Defendant MACT actively and knowingly aided and abetted Defendant PUNGKUK and Defendant PAPS to directly infringe one or more claims of SEONG Patents, because the president of Defendant MACK is Mr. Hyun-Sik Shin ("HSSHIN") who left the employment of Plaintiff OPEC for the purpose of making and exclusively supplying pre-drawn electrode wire to Defendant PUNGKUK which conveniently draws and forms the infringing electrode wires that directly infringe one or more claims of SEONG Patents and then exports/imports the infringing wires through Defendant PAPS.

41. Upon information and belief, at all times relevant, Plaintiffs allege that HSSHIN left the employment of Plaintiff OPEC upon coercion and encouragement from Defendant PUNGKUK, and established Defendant MACT to make and provide the pre-drawn electrode wires for Defendant PUNGKUK, knowing that the final product made by Defendant PUNGKUK will directly infringe one or more claims of SEONG Patents, even though HSSHIN had agreed to not disclose any trade secrets of Plaintiff OPEC under Pledge for Security as shown in Exhibit H.

42. Upon information and belief, at all times relevant, Defendant MACT knew of SEONG Patents, because HSSHIN knew of SEONG Patents when HSSHIN was an employee of Plaintiff OPEC.

43. Upon information and belief, at all times relevant, all or substantially all of the pre-drawn electrode wires made by Defendant MACT are sold to Defendant PUNGKUK, Defendant MACT supplying the pre-drawn electrode wires to be drawn so

that the Defendant PUNGKUK's processed wires directly infringe one or more claims of SEONG Patents.

44.     Upon information and belief, at all times relevant, Defendant PUNGKUK conveniently exports/imports the infringing wires into the United States through Defendant PAPS.

45.     Upon information and belief, at all times relevant, Defendant MACT actually intended to cause the direct infringement of one or more claims of SEONG Patents through Defendant PUNGKUK and Defendant PAPS.

46.     Upon information and belief, at all times relevant, Defendant MACT, in conspiracy and in collusion with Defendant PUNGKUK and Defendant PAPS, has divided the process of making and selling the infringing wires among Defendant MACT, Defendant PUNGKUK, and Defendant PAPS, each of these three Defendants committing infringing acts in sequence.

47.     Upon information and belief, at all times relevant, Defendant MACT, Defendant PUNGKUK, and Defendant PAPS act as one entity, deliberately under the guise of three separate organizations, conspiring to infringe one or more claims of SEONG Patents.

48.     Upon information and belief, at all times relevant, Defendant MACT knew of the SEONG Patents and knew or should have known that its actions would lead to actual infringement of one or more claims of SEONG Patents.

49.     Upon information and belief, at all times relevant, even after full knowledge of SEONG Patents, Defendant MACT willfully and wantonly continued to supply the exclusively made pre-drawn wires to Defendant PUNGKUK, which in turn

sold or transferred the processed infringing wires to Defendant PAPS to import, use, advertise, offer for sale, sell for subsequent sale in the United States.

50.     Upon information and belief, at all times relevant, Defendant MACT's pre-drawn wires are material components of the articles according to the claims of SEONG Patents and they are not staple articles of commerce capable of substantial non-infringing use, because all or substantially all of the pre-drawn wires made by MACT are sold to Defendant PUNGKUK for the sole purpose of being processed through either drawing or hot-dipping which produces directly infringing electrode wires for machining, and because the pre-drawn wires made by Defendant MACT are not fit for other purposes due to having no insulation, having specific alloy construction for specifically making the infringing wires, and due to prohibitively high cost of manufacturing compared to simple copper wires.

51.     Upon information and belief, at all times relevant, Defendant MACT, therefore, knew that its pre-drawn wires were specifically made for and specifically adapted for making the infringing wires by Defendant PUNGKUK.

52.     As a consequence of Defendant PUNGKUK's, Defendant PAPS's, and Defendant MACT's acts of infringement of one or more of the claims of SEONG Patents as set forth above, Plaintiffs have been damaged, and will continue to be damaged unless such acts are enjoined by the Court.

## **Count III**

### FEDERAL PATENT INFRINGEMENT, TITLE 35 U.S.C. §271.
### (AGAINST DEFENDANT DOES)

53.     Plaintiffs incorporate paragraphs 1 through 52 herein by reference and further allege as follows:

54. On information or belief, Plaintiffs allege Defendants, DOES 1 through 10, inclusive, created, assembled, distributed, manufactured, sold and/or used infringing wires that directly infringe at least one claim of SEONG Patents or that have otherwise induced or contributed to the infringement of at least one claim of SEONG Patents. The true name and capacities, whether corporate, individual or otherwise, of the Defendant DOES 1 through 10, inclusive, are unknown to Plaintiffs, and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

55. On information and belief, Plaintiffs allege that at all times relevant hereto, each of the Defendants, including without limitation to Defendants DOES 1 thorough 10, inclusive, was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee of the remaining Defendants and was at all times acting within the scope of agency affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employment relationship and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiffs' rights and the damages to Plaintiff proximately caused thereby.

56. As a consequence of Defendant DOES's 1 through 10, inclusive, acts of infringement of one or more of the claims of SEONG Patents as set forth above, Plaintiffs have been damaged, and will continue to be damaged unless such acts are enjoined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that:

A.  Defendant PAPS be declared and adjudged to have directly infringed, engaged in the contributory infringement of, and actively induced others to infringe at least one or more of the claims of SEONG Patents, and therefore one or more SEONG Patents;

B.  Defendant PUNGKUK be declared and adjudged to have directly infringed, engaged in the contributory infringement of, and actively induced others to infringe at least one or more of the claims of SEONG Patents, and therefore one or more SEONG Patents;

C.  Defendant MACT be declared and adjudged to have engaged in the contributory infringement of, and actively induced others to infringe at least one or more of the claims of SEONG Patents, and therefore one or more SEONG Patents;

D.  Each of Defendants' infringement, contributory infringement, and active inducement of infringement of at least one or more of the claims of SEONG Patents, and therefore one or more SEONG Patents, be declared and adjudged to be willful and deliberate;

E.  Each of Defendants, and any of its officers, directors, agents, servants, employees, successors, assigns, and all those controlled by them or in active participation with them, be preliminarily and permanently enjoined from further acts of infringement of at least one or more of the claims of SEONG Patents, and therefore one or more SEONG Patents;

F.  Each of Defendants be required to account for and pay over to Plaintiffs all actual damages suffered by Plaintiffs by reason of  respective Defendant's infringement, including without limitation lost profits and/or a reasonable royalty;

G.  By reason of the willful and deliberate nature of the aforesaid infringing

acts, such damages be trebled pursuant to 35 U.S.C. § 284;

H.  By reason of the exceptional nature of this case within the meaning of 35 U.S.C. § 285, Plaintiffs be awarded their attorneys' fees;

I.  Each of Defendants be ordered to pay to Plaintiffs' prejudgment and postjudgment interest, and costs; and

J.  This Court grants Plaintiffs such other further legal and equitable relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury in this matter.

Dated: March 13, 2015

Respectfully submitted,

**KI CHUL SEONG, an individual, and**
**OPEC ENGINEERING CO., LTD.,**
**a Korean Corporation**

Attorneys for Plaintiffs

/s/ John K. Park
John K Park, CA Bar #175212
*Motion to Appear Pro Hac Vice Pending*
Park Law Firm
3255 Wilshire Blvd., Suite 1110
Los Angeles, CA 90010
(T) 213-389-3777
(F) 213-389-3377
Email: park@parklaw.com

/s/ Samuel S. Bae
Samuel S. Bae – ARDC #6257863
Law Office of Samuel S. Bae
2720 South River Road, Suite 246
Des Plaines, Illinois 60018
(T) 847-813-6992
(F) 847-813-6993
Email: ssb@baelegal.com