UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KI CHUL SEONG, an individual, and OPEC ENGINEERING CO., LTD., a Korean Corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Civil Action No. 15 CV 2234** |
| PAPS USA, LLC, an Illinois Limited Liability Company; PUNGKUK EDM WIRE MANUFACTURING CO., a Korean Corporation; MACT CO., LTD, a Korean Corporation; and DOES 1 through 10, inclusive, | ) ) ) ) ) ) ) ) ) ) | Honorable Judge Manish Shah  Magistrate Daniel Martin |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT PAPS USA, LLC'S UNOPPOSED MOTION
TO STAY THE CASE PENDING LITIGATION OF THE PATENTS-IN-SUIT
AGAINST DEFENDANT PUNGKUK EDM WIRE MANUFACTURING CO.**

**I.     BACKGROUND**

Plaintiffs filed the Complaint in this matter against defendants PAPS USA, LLC ("PAPS USA"), Pungkuk EDM Wire Manufacturing Co. ("Pungkuk"), MACT Co. LTD, and DOES 1 through 10, on March 13, 2015, asserting the infringement of three patents.

In its Answer filed on August 20, 2015, defendant Pungkuk admits that it "makes electrode wires for use in electrical discharge machining and other products in Korea that are imported and sold by PAPS in the United States." (Dkt. 30, ¶¶ 17-18.)

In its Answer filed on May 7, 2015, defendant PAPS USA admits that it "imports and sells electrode wires for use in electrical discharge machining and other products made by Defendant PUNGKUK in the United States and elsewhere." (Dkt. 13, ¶¶ 17-18.)

## II. ARGUMENT

The alleged infringement in this matter is premised on products that are made by Pungkuk, and the case will focus on those products, and whether those products practice the patents-in-suit. PAPS USA merely imports and sells the wires in the United States, and it is in essence a customer of Pungkuk. Therefore, for the sake of judicial economy, the case against PAPS USA should be stayed pending the litigation of the patents-in-suit against Pungkuk.

### A. The Court's Inherent Power to Manage Its Docket Allows It to Stay Proceedings Involving Both a Manufacturer and a Customer

District courts have the inherent power to stay proceedings in the interests of judicial efficiency and economy, and to reduce the overall burden of litigation on the parties. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Am. Home Assurance Co. v. Vecco Concrete Constr. Co., Inc. of Va.*, 629 F.2d 961, 964 (4th Cir. 1980). Federal Rule of Civil Procedure 21 gives the Court discretion to "sever any claim against any party," and Rule 1 provides that the Rules should be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

Consistent with these rules, courts have recognized that when a patentee sues both the manufacturer and its customers "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)). This is known as the "customer suit exception" to the first-to-file rule and is based on the recognition that a

manufacturer is presumed to have a "greater interest in defending its actions against charges of patent infringement [than a customer may]; and to guard against the possibility of abuse." *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989).

Another mechanism used by courts to manage patent cases is the "peripheral defendant" rule, which, like the "customer suit exception," disfavors the joinder of customers and manufacturers where the customers are merely accused of using or selling the manufacturers' product but may have been added to the case to defeat a motion to transfer venue. *See, e.g.*, *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10 C 1101, 2010 WL 3516106, at *2-3 (N.D. Ill. Sept. 1, 2010) (severing customer defendants and transferring claims against manufacturer under the notion that the customers were "peripheral" to the infringement allegations); *Siemens Aktiengesellschaft v. Sonotone Corp.*, 370 F. Supp. 970, 972 (N.D. Ill. 1973) (severing claims as to peripherally involved defendant to permit transfer to more convenient forum). The principles behind these rules provide guidance here.

      **B.**      **Plaintiffs' Redundant Allegations Against PAPS USA Should Be Stayed**

Both the "customer suit exception" and the "peripheral defendant" rules applied in patent cases are instructive in this instance. Plaintiffs' allegations of infringement are based solely on Pungkuk's products. The nature and structure of those products are the central issue to be resolved with respect to Plaintiffs' allegations of patent infringement. As an importer and seller, the claims of patent infringement asserted against Pungkuk as the manufacturer take precedence over the claims asserted against PAPS USA.

Furthermore, Defendant Pungkuk is a Korean corporation, while PAPS USA is an Illinois limited liability company, and therefore there is a real possibility that PAPS USA was included in this suit for purposes of acquiring jurisdiction and venue. This supports the conclusion that PAPS

USA is a peripheral defendant. While PAPS USA is not seeking to sever claims and transfer venue, the principles of the peripheral defendant rule suggest that a case asserted against a defendant that sells an accused manufacturer's product can be severed and stayed.

Moreover, the Court should stay the case against PAPS USA because doing so will promote judicial economy. Fewer parties will lead to fewer discovery disputes and cost, fewer dispositive motions, and less complication at any resulting trial.

A stay of the case against PAPS USA will also be fair to the parties. As recognized by analogous rules such as the "customer suit exception" and the "peripheral defendant" rule, requiring PAPS USA to defend against Plaintiffs' claims that Pungkuk's products infringe the patents-in-suit would be unfair. As the manufacturer, Pungkuk has a greater interest in defending its own products. PAPS USA's ability to defend against Plaintiffs' claims is hampered by the fact that it does not engineer, design, or make Pungkuk's products. *See Kahn*, 889 F.2d at 1081. Plaintiffs would not be prejudiced by the stay of proceedings against PAPS USA. Thus, Plaintiff's asserted case against PAPS USA should be stayed until Plaintiff's claims against Pungkuk are resolved.

Finally, counsel for the parties have met and conferred and counsel for Plaintiffs agreed not to oppose this Motion.

### III. CONCLUSION

For the foregoing reasons, it is respectfully requested that PAPS USA's motion be granted and that the case against PAPS USA be stayed pending the outcome of the litigation against Pungkuk.

Respectfully submitted, this 12th day of January, 2018.

          By:    /s/ *Eric Y. Choi*
          Eric Y. Choi (06292553)
          NEAL, GERBER & EISENBERG LLP
          2 N. LaSalle Street, Suite 1700
          Chicago, Illinois 60602
          (312) 269-8000
          echoi@ngelaw.com

          James Y. Kim (6309428)
          Kalai L. Wineland (Wa, State Bar No 30259)
          AGORA Law, LLC
          2020 Maltby Rd Ste 7 PMB163
          Bothell, WA 98021
          Phone: 425-420-2333
          Fax: 425-420-2323
          jyk@agoralaws.com
          klw@ agoralaws.com

          *Attorneys for Defendants and Counterclaimants*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on this 12th day of January, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

By: /s/ *Eric Y. Choi*

Eric Y. Choi (06292553)
NEAL, GERBER & EISENBERG LLP
2 N. LaSalle Street, Suite 1700
Chicago, Illinois 60602
(312) 269-8000
echoi@ngelaw.com