UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KI CHUL SEONG, an individual, ) | | |
| and OPEC ENGINEERING CO., LTD., ) | | |
| a Korean Corporation, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No. 15 CV 2234 | |
| ) | | |
| PAPS USA, LLC., ) | Honorable Judge Manish Shah | |
| an Illinois Limited Liability Company; ) | | |
| PUNGKUK EDM WIRE ) | Magistrate Daniel Martin | |
| MANUFACTURING CO., ) | | |
| a Korean Corporation; MACT CO., LTD, ) | | |
| a Korean Corporation; ) | | |
| and DOES 1 through 10, inclusive, ) | | |
| ) | | |

Defendants.

**PLAINTIFFS' MOTION TO EXTEND CASE DEADLINES**

**(INCLUDING FINAL INFRINGEMENT CONTENTIONS AND FINAL NON-INFRINGEMENT, UNENFORCEABILITY, INVALIDITY CONTENTIONS)**

Plaintiffs KI CHUL SEONG and OPEC ENGINEERING CO., LTD. ("Plaintiffs") hereby move this Court for the entry of an Order extending the current case deadlines by about 90 days, as provided below. The parties have complied with Local Rule 37.2 through multiple telephone calls and drafts of motions in an effort to reach agreement.

This motion is being filed after more than a week of unsuccessful efforts to agree on an unopposed or joint motion to request extensions of case deadlines. With the consent of Defendants, Plaintiffs prepared drafts of both unopposed and joint motions without agreement by the parties. Thereafter, Defendants proposed substantial deletions, additions and modifications to a final joint motion prepared by Plaintiffs. Plaintiffs did not agree with most of the changes.

1

In view of the foregoing, the parties have been unable to agree to a final version of a joint motion after much effort. This motion, which has been discussed with opposing counsel, by Plaintiffs' counsel is the result.

In support of this motion, Plaintiffs state the following facts (most of which are supported by the declaration and exhibits attached hereto and cited herein):

1. This is the third request for extensions of the case deadlines in this case. The previous two extension requests were for about 30 days each. The present case deadlines and the proposed new deadlines are provided at the end of this motion.

2. Based on this Court's order dated December 4, 2017, Plaintiffs' Final Infringement Contentions ("FICs") required by Patent Local Rule ("LPR") 2.2 and LPR 3.1 of this Court were due on **January 19, 2018**, and were served by Plaintiffs on that date. A copy of Plaintiffs' FICs, as served to Defendants on January 19, 2018, is attached hereto as **Exhibit A**. As can be seen in Exhibit A, Plaintiffs have provided in their FICs extensive information concerning alleged infringement.

3. It is now almost a month and a half since Plaintiffs' FICs were due and served under the current deadlines. In view of that situation, Plaintiffs would have only about a month and a half to serve Plaintiffs' supplemental FICs even if Defendants provided all requested discovery documents under the proposed extensions in this motion. That is true even though Plaintiffs have not yet been served with the discovery documents necessary to complete the FICs and that Plaintiffs requested in 2015.

4. As Plaintiffs stated at several points in their FICs (Exhibit A), Plaintiffs were unable to provide all information called for in LPR 2.2 because Plaintiffs needed specified information from Defendants in Defendants' discovery responses (i.e., document requests and/or

interrogatory responses). For example, four of the asserted patent claims in this case are <u>method of manufacture claims</u> (i.e., claims 1 through 4 and 6 of U.S. Patent No. 6,306,523; *see* **Exhibit B** attached hereto) for electrical discharge machining ("EDM") wires. The only way that Plaintiffs could provide complete information in Plaintiffs' FICs concerning the allegedly infringed method claims is to receive, through discovery, Defendants' manufacturing method specifications for its EDM wires. As provided below, Plaintiffs propounded the requisite discovery to obtain those specifications and has not yet been served with the responsive specifications.

5. Plaintiffs also sought, in discovery, technical specifications and related documents concerning all of the remaining patent claims asserted in this case, namely the asserted <u>EDM wire product claims</u> and has not yet received those specifications. *See, e.g.*, claims 14-18 of U.S. Patent No. 6,306,523; claims 1-5 of U.S. Patent No. 6,482,535; and claims 2, 5, 7, 8 and 10 of U.S. Patent No. 6,492,036). The patents in suit are **Exhibits B through D** attached hereto. Letters exchanged between the parties that discuss the foregoing issues are provided as **Exhibits E and F** below.

6. By way of example, one of Plaintiffs' document requests provides as follows:
"<u>REQUEST FOR PRODUCTION NO. 7:</u>

All DOCUMENTS AND THINGS CONCERNING the **manufacture of the ACCUSED PRODUCTS**, including (but not limited to) procedures, instructions, **specifications**, and drawings." [emphasis added] See **Exhibit G** (excerpts of Plaintiffs' first set of document requests).

According to the definition provided in the document requests [*see* Exhibit G], the "ACCUSED PRODUCTS" include "electrical discharge machining ('EDM') wire product or

3

products designated as GAMMA-X, GAMMA BRASS, and any other products having the same or similar construction and function." *See* Exhibit G. The GAMMA-X and GAMMA BRASS products were the only specific EDM wire products manufactured and sold by Defendants that were known by Plaintiffs to be infringing at the time Defendants' document requests were propounded in 2015. Other allegedly infringing products have now been identified in this case. Most of those products are identified in Plaintiffs' FICs. *See* **Exhibit A**. At least two additional allegedly infringing products have been identified, so far, in the discovery documents produced by Defendants on **January 12, 2018**. Samples of those products have not yet been produced by Defendants.

To summarize, the documents sought by Plaintiffs in discovery included the "**specifications**" for: (i) The manufacturing methods of making the accused products and (ii) the results of the manufacturing, i.e., the EDM wires themselves.

7. It should also be noted that Defendants' document requests included two requests for documents concerning "infringe[ment]" of the patents in suit, namely request nos. 3 and 4. *See* Exhibit E. Those requests also require production of the specifications and related documents for both the manufacturing method(s) and the structure and components of Defendants' EDM wires.

8. Plaintiffs served their first sets of document requests on Defendants on **October 23, 2015**. *See* **Exhibit G.** Defendants' document request responses were served on Plaintiffs on **November 25, 2015**. *See* **Exhibit H** (excerpts of Defendants' document request responses). Defendants' November 25, 2015 responses merely interjected objections and made promises to produce responsive documents at an unspecified later date. *Id.* The timing of Defendants' production of responsive documents is discussed below.

9. Plaintiffs served another set of discovery requests to obtain <u>samples</u> of Defendants' accused EDM wire products on **March 16, 2016**. *See* **Exhibit I**. On **April 11, 2016**. The Inter Partes Review proceedings regarding the patents in suit were initiated and so this case was stayed. Those proceedings ended on **September 11, 2017**, when this Court set a new schedule for resumption of this case. Most responsive product samples were served by Defendants on Plaintiffs on **November 10, 2017.** The samples are discussed in paragraph 11 below.

10. Defendants served "SUPPLEMENTAL" responses to Plaintiffs' October 23, 2015 document requests on **January 17, 2018**, slightly changing Defendants' objections. *See* **Exhibit J**. (The "SUPPLEMENTAL" document request responses were served two days before Plaintiffs' FICs were originally due on **January 19, 2018**. Therefore, those responses would not have been timely received by Plaintiffs even if the responses had provided responsive documents including responsive information required by the FIC's. In any event, the "SUPPLIEMENTAL" responses provided no substantive information/documents whatsoever.)

11. After Plaintiffs' requested and received sample wires on March 16, 2016, Defendants produced samples of most of their allegedly infringing EDM wire products on **November 10, 2017** (after the intervening IPR proceedings in the Patent Trial and Appeal Board and after a renewal of the request for samples by Plaintiffs). Plaintiffs' technical expert and his assistants took cross-sectional photographs of the EDM products that are provided and referenced in the FICs attached hereto as Exhibit A.

12. The foregoing was the extent of Defendants' discovery responses until **January 12, 2018**, when Defendants produced in electronic form what has been estimated by Plaintiffs to be more than 200,000 pages of documents. Plaintiffs have been able to categorize about two

5

thirds of Defendants' documents since then and have found no documents regarding the requested method of manufacturing specifications and the EDM product specifications. Some of the produced documents are password protected. Defendants did not produce a password until **February 21, 2018**. Plaintiffs have not yet determined if the password works to access all of the password protected files.

13. In their partial review of Defendants' approximately 200,000 pages of documents, Plaintiffs discovered references to additional EDM wire products of Defendants. Those products were not previously produced and have not been produced to date despite demands for production. Defendants' have indicated that they need not produce those samples in a letter dated **February 12, 2018**, claiming that those EDM wires were not sold into the U.S. Plaintiffs disagree with that position. Plaintiffs respectfully submit that Defendants cannot appropriately refuse to produce product samples that depend upon a factual showing to establish that the samples are not relevant to this case. Furthermore, Plaintiffs have evidence establishing sales of at least some of those requested samples into the United States, despite Defendants representations to the contrary.

14. Defendants complain that Plaintiffs' FICs are "incomplete … to such an extent that it makes Defendants' Final Non-infringement Contentions impossible to complete in any meaningful way." While Plaintiffs dispute Defendants' claim, pursuant to a telephone call on **February 20, 2018**, and subsequent emails, Plaintiffs' counsel informed Defendants' counsel that Plaintiffs do <u>not</u> object to Defendants not serving their non-infringement, unenforceability and invalidity contentions due on **February 21, 2018**, in anticipation of the then-contemplated motion. Plaintiffs still believe that Defendants should be permitted to provide their LPR 3.2 contentions under the schedule proposed below.

15. Plaintiffs believe that neither the Parties nor the Court will be prejudiced by this requested extension of case deadlines.

**WHEREFORE**, Plaintiffs, respectfully request that the Court enter an Order extending the current case deadlines by about 90 days as follows:

(i) Final infringement contentions by Plaintiffs, LPR 3.1 – **Due April 19, 2018 (previously 1/19/18)**;

(ii) Final Non-Infringement, Enforceability, Invalidity Contentions by Defendants; LPR 3.2 – **Due May 21, 2018 (previously 2/21/2018)**;

(iii) Exchange Claim Terms Needing Construction by the Parties; LPR 4.1 – **Due June 20, 2018 (previously 3/19/18)**;

(iv) Defendants' Opening Claim Construction Brief (Markman Hearing); LPR 4.2 – **Due July 20, 2018 (previously 4/18/2018)**;

(v) Fact Discovery under LPR 1.3 Completed – **Due July 10, 2018 (previously 4/9/18)**;

(vi) Status Hearing – **TBD by the Court**; and

(vii) Remainder of Schedule – **TBD by the Court**.

/ / /

/ / /

/ / /

Respectfully submitted, this 2nd day of March 2018.

By: /s/ Mark L. Sutton

John K. Park (Calif. State Bar No. 175212)
Mark L. Sutton (Calif. State Bar No. 120255)
Park Law Firm
3255 Wilshire Blvd., Suite 1110
Los Angeles, CA 90010
Tel: 213-389-3777
park@parklaw.com
mlsutton@parklaw.com

Samuel S. Bae (ARDC 6257863)
Law Office of Samuel S. Bae
2720 South River Road, Suite 246
Des Plaines, Illinois 60018
(847) 813-6992
ssb@baelegal.com

*Attorneys for Plaintiffs and Counterclaim-Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on this 2nd day of March 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

By: /s/          *Samuel S. Bae*

Samuel S. Bae (ARDC 6257863)
Law Office of Samuel S. Bae
2720 South River Road, Suite 246
Des Plaines, Illinois 60018
(847) 813-6992
ssb@baelegal.com