**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KI CHUL SEONG, an individual, and OPEC ENGINEERING CO., LTD., a Korean Corporation, | |
| Plaintiffs, | Civil Action No. 15 CV 2234 |
| v. | Honorable Judge Manish Shah |
| PAPS USA, LLC, an Illinois Limited Liability Company; PUNGKUK EDM WIRE MANUFACTURING CO., a Korean Corporation; MACT CO., LTD, a Korean Corporation; and DOES 1 through 10, inclusive, | Magistrate Daniel Martin |
| Defendants. | |

**DEFENDANT PUNGKUK'S RESPONSE TO
PLAINTIFFS' MOTION TO COMPEL DEPOSITION APPEARANCES,
PRODUCTION, AND BATES NUMBERING OF DOCUMENTS**

Defendant and Counterclaimant Pungkuk EDM Wire Manufacturing Co. ("Pungkuk"), by its undersigned counsel, submits this brief in response to Plaintiffs' Motion to Compel Deposition Appearances, Production, and Bates Numbering of Documents (*see* Dkt. 94).

I.     **DEPOSITIONS**

A.     **Pungkuk Is Attempting To Work Cooperatively With Plaintiffs To Schedule The Depositions Of Pungkuk's Witnesses.**

There is confusion, and perhaps disagreement, among counsel with respect to the information exchanged during the telephonic conferences concerning deposition scheduling. As set forth in Pungkuk's motion papers, (Dkt. Nos. 97 & 98), no final agreement was reached during the telephonic call on April 9, 2018. Likewise, counsel for Pungkuk does not recall learning that Plaintiffs were unavailable for deposition on May 25, 2018. In fact, counsel for

1

Pungkuk assumed that date was available because Plaintiffs' counsel had offered Plaintiff Seong for deposition on that same date. (Second Decl. of Kalai Wineland, at ¶ 2.) Furthermore, it is still not entirely clear what days Plaintiffs prefer to depose Pungkuk's witnesses. Page 4 of Plaintiffs' motion, (Dkt. 94, p. 4 lines 1-2), discusses a deposition on May 22, 2018, yet page 5 of the same motion requests an order for a deposition on May 23, 2018, (Dkt. 94, p. 5 lines 4-5).

Nevertheless, Pungkuk remains ready and willing to work with Plaintiffs to schedule the depositions of its witnesses at mutually convenient times. Given that Pungkuk's witnesses must travel from Korea, and given that counsel defending these depositions are located in Washington State, Pungkuk asks that Plaintiffs work cooperatively as well to limit travel and costs. (Second Decl. of Kalai Wineland, at ¶ 3.) Accordingly, Pungkuk requests that its witnesses be deposed in Washington State or, in the alternative and if the depositions are to occur in Los Angeles, that three of its witnesses be deposed within one business week, as proposed in Pungkuk counsel's letter of April 10, 2018. (Dkt. 94, Ex. 4.)

**B. The Motion To Compel The Deposition Of Dong Cho Lee Is Premature.**

Mr. Dong Cho Lee is the CEO of Pungkuk. (Second Decl. of Kalai Wineland, at ¶ 4.) He is 80 years old and resides in Korea. (*Id.*) Given his advanced age, but also in view of his responsibilities as CEO, Mr. Lee may be subject to protections with respect to a deposition pursuant to FRCP 26(c)(1) or other rules. *See*, *e.g.*, *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012). Consequently, in view of his age and position, counsel for Pungkuk asked Plaintiffs (1) whether less intrusive means of discovery, such as written discovery, could be propounded regarding Mr. Lee; and (2) what unique information Plaintiffs believe that Mr. Lee possesses that would be reasonably calculated to lead to the discovery of admissible evidence. (*Id.* at ¶ 5.)

With respect to the latter, Pungkuk notes that Plaintiffs have not yet taken the 30(b)(6) deposition of Pungkuk, and that Pungkuk's 30(b)(6) witness is Mr. Young Son, who has been continuously employed by Pungkuk since at least 1999.  (*Id.* at ¶ 4.)  Mr. Son is currently Pungkuk's Managing Director and also a Board Member.  (*Id.*)  The 30(b)(6) deposition, as well as other depositions, may provide the information Plaintiffs seek, which would render Plaintiffs' motion to compel Mr. Lee's deposition moot or, at a minimum, substantially narrow the discovery Plaintiffs believe they need.

Furthermore, the earliest of the three patents in suit, USP 6,306,523, issued in 2001. (Dkt. 94, Ex. 1.)  Patent damages are limited to six years prior to the filing of this suit in 2015. 35 U.S.C. §286.  Therefore, Pungkuk submits that there is a very real question regarding the relevance of alleged events that prior to the issuance of USP 6,306,523 and events that occurred twenty years ago or more, such as "events concerning Defendants at the time before . . . the patents in suit were filed in the U.S. Patent and Trademark Office." (Dkt. 94, page 2.)

Pungkuk therefore requests that Plaintiffs' motion with respect to Mr. Lee be continued until after the other three noted depositions take place, and until the issues are ripe for the parties to provide the Court with a full and thorough briefing.

**C.    Pungkuk Should Be Permitted To Depose The Inventors Of The Patents In Suit Before The Deadline For Pungkuk's Final Invalidity Contentions.**

Plaintiffs argue that Pungkuk should not be afforded the opportunity to depose the inventor and Plaintiff, Mr. Seong, before Pungkuk's Final Invalidity Contentions are due on May 21, 2018.  Plaintiffs first argue that "Plaintiffs were not afforded the opportunity to take any depositions of any of Defendants' [sic] witnesses before Plaintiffs' final infringement contentions were due." (Dkt. 94, page 4.)  This is a tit-for-tat issue Plaintiffs raised for the first time *after* Pungkuk requested Plaintiff Seong's deposition in advance of Pungkuk's Final

3

Invalidity Contention due date. (Second Decl. of Kalai Wineland at ¶ 6.) Indeed, Plaintiffs did not issue any notices for deposition until *after* Plaintiffs requested the current case schedule in its motion for extension of time, (Dkt. 89), and did not ask counsel for Pungkuk about witness and counsels' availability prior to filing the motion for extension. (Second Decl. of Kalai Wineland at ¶ 7.) It was counsel for Pungkuk, not Plaintiffs, who initiated discussions regarding deposition scheduling on March 22, 2018. Put plainly, Plaintiffs never asked, and Pungkuk should not be penalized due to Plaintiffs' decisions with respect to discovery scheduling.

Plaintiffs next argue that "Defendants' [sic] contentions, as with Plaintiffs' contentions, do not require evidence because they are merely contentions." (Dkt. 94, page 4.) Pungkuk respectfully disagrees. As pointed out in Pungkuk's motion, (Dkt. 97), the parties cannot freely amend their contentions without the leave of Court pursuant to LPR 3.4, and failure to set forth invalidity contentions with sufficient specificity may lead to prejudice. (Dkt. 94, page 4.) *See, e.g., Peerless Industries, Inc. v. Crimson AV, LLC, et al.*, No. 1:11-cv-01768, 2013 U.S. Dist. LEXIS 168684, at *11-16 (N.D. Ill. Nov. 27, 2013). Plaintiffs' argument suggests that there are no real consequences to a failure to depose an inventor before final invalidity contentions are due, despite the case law that has found otherwise. *See*, *e.g.*, *Pactiv Corp. v. Multisorb Techs.*, No. 10 C 461, 2013 U.S. Dist. LEXIS 75585, *10 (N.D. Ill. May 29, 2013) (to allow experts to go beyond Final Invalidity Contentions would render them useless and ignore the specificity requirements of LPR 2.3). Information with respect to invalidity issues, such as how the invention should be practiced in best mode; the scope and completeness of the written description; and inventorship, to name only a few, may exist within the knowledge of the patent inventor. In this case, the patent inventor is also a named Plaintiff, and therefore is not a disinterested party. Preventing Pungkuk from taking an inventor deposition prior to submitting

its final invalidity contentions potentially benefits the Plaintiffs and prejudices Pungkuk. Accordingly, Pungkuk respectfully requests an Entry of an Order Extending the current case deadlines by 60 days; or in the alternative, entry of an Order compelling the deposition of Plaintiff Ki Chul Seong on May 14 or 15, 2018, and permitting additional discovery arising from the 30(b)(6) deposition of OPEC after the Fact Discovery Cutoff; or in the alternative, entry of a protective Order permitting amendment of Pungkuk's Final Non-Infringement, Enforceability, Invalidity Contentions without prejudice after Pungkuk has an opportunity to conduct the deposition of Plaintiff Ki Chul Seong, and permitting additional discovery arising from the 30(b)(6) deposition of OPEC after the Fact Discovery Cutoff

## II.    SPECIFICATIONS

Counsel for Pungkuk has asked its client for specification documents on multiple occasions.  (Second Decl. of Kalai Wineland at ¶ 8.)  Pungkuk has produced hundreds, if not thousands, of pages of documents that describe its products, including but not limited to

- Examples of documents regarding product information:   PUNG 5630-5639, 5640-5649, 5704-5724, 5729-5735, 8920, 10290-10311, 10408-10420, 10457-10479, 11571-11575, 11583-11588, 11593-11598, 11599-11686, 11687-11696, 11697-11707, 15143-15153, 16848, 18360-18364;

- Examples of documents regarding manufacturing processes and specifications: PUNG 1338-1414, 1683-1714, 8551-8568, 8769-8789, 5540-5543, 5624-5630, 7251,-7257, 9306-9311, 10432-10434, 5728, 5775-5782, 5859-5889, 5993-6016, 6738-6760, 9647, 7258-7294, 8669-8696, 11991-12022,8958-8967, 11249-11259, 11260-11270, 11307-11341, 50015-50021, 50022-50026, 50027-50034, 50082-50113, 50114-50120, 9910-9912

- Examples of product test certificates: PUNG 2586-2645, 2684-2692, 3590-3602, 5801-5804, 5822-5823, 5843-5844, 5985-5987, 6291-6292, 7108-7117, 7145-7173, 7621-7691, 7539-7593, 7693-7725, 7727-7755, 7757-7776, 8809-8819, 9283-9291, 9292, 2586-2645, 2684-2692, 3590-3602, 5801-5804, 5822-5823, 15046-15048, 1891-1893, 10248-10249, 11249-11259, 11260-11270, 11307-11341

- Examples of daily manufacturing work reports: 18717-18900, 18901-23726, 24966-35583, 36680-37583, 37613-39037; and

- Examples of Final Inspection daily reports: PUNG 23727-24941.

to name only a fraction. These documents are marked Highly Confidential and most are in the Korean language, and therefore Pungkuk requests the opportunity to provide these documents, with translations, to the Court under seal should the Court need to review these pages.

At this time, Pungkuk believes that it has produced all responsive documents, and Pungkuk does not know what other documents Plaintiffs seek. Plaintiffs continue to assert that other documents must exist. But, the mere insistence and speculation of Plaintiffs does not mean a document exists, much less move this case forward. As counsel for Pungkuk has previously suggested to Plaintiffs, if Plaintiffs are entitled to take the depositions of Pungkuk's witnesses to explore whatever questions they may have about the completeness of production. (Second Decl. of Kalai Wineland at ¶ 9.) If any further documents are identified, they would, of course, be promptly produced afterwards.

## III. BATES NUMBERING

Plaintiffs' motion to compel concerns documents that Pungkuk has produced in their native electronic format, *i.e.*, in Microsoft Excel file format. These documents are not stored or kept in the course of business in paper format. (*Id.* at ¶ 10.) Pungkuk believed and continues to believe that these documents are more useful in their native format rather than in a paper format – when printed, enormous Excel documents are incredibly cumbersome (and voluminous) for the reader.

LPR ESI 2.5(e) provides that "[i]f a party requests production in a format other than the one most convenient for the producing party, the requesting party is responsible for the incremental cost of creating its copy of requested information."

While it is true that the Parties agreed on a potential Bates numbering scheme in the event such documents were printed, counsel for Pungkuk did not agree to produce printouts of all of the files at its own cost. (*Id.* at ¶ 11.) Instead, in an email dated February 21, 2018, counsel for Pungkuk asked Plaintiffs to pay for such production pursuant to LPR ESI 2.5(e), or in the alternative, Pungkuk could Bates number documents that Plaintiffs use at deposition for the convenience of the parties and the witnesses and the Parties could split the cost. (*Id.* at ¶ 11.) Plaintiffs did not agree, but also provided no alternative to move the issue forward. (*Id.*)

Plaintiffs continue to believe that it has offered a fair compromise to the Bates numbering issue in view of the Local Patent Rules.

## IV. THE CASE SCHEDULE SHOULD BE EXTENDED TO RESOLVE THE OUTSTANDING DISCOVERY ISSUES.

As set forth above and in the Parties' respective motions, there are a number of outstanding discovery issues in this matter. Pungkuk believes that a final extension of approximately 60 days would allow the Parties to fully and finally resolve these matters and therefore asks the Court for entry of an Order to revise the existing case schedule dates as follows:

- Final Non-Infringement, Enforceability, Invalidity Contentions by Defendants, LPR 3.2, from 5/21/28 to 7/23/18;

- Exchange Claim Terms Needing Construction by the Parties, LPR 4.1, from 6/20/18 to 8/20/18;

- Defendant's Opening Claim Construction Brief (Markman Hearing), LPR 4.2, from 7/20/18 to 9/20/18;

- Fact Discovery under LPR 1.3, from 7/10/18 to 9/10/18; and

- Status Hearing, TBD.

Respectfully submitted, this 1st day of May, 2018.

By:     Eric Y. Choi
Eric Y. Choi (06292553)
NEAL, GERBER & EISENBERG LLP
2 N. LaSalle Street, Suite 1700
Chicago, Illinois 60602
(312) 269-8000
echoi@ngelaw.com

James Y. Kim (6309428)
Kalai L. Wineland (Wa, State Bar No 30259)
AGORA Law, LLC
14711 NE 29th Place, Suite 200
Bellevue, WA  98007
Phone: 425-420-2333
Fax: 425-420-2323
jyk@agoralaws.com
klw@ agoralaws.com

*Attorneys for Defendants and Counterclaimants*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on this 1st day of May 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

By:    /s/ Eric Y. Choi

Eric Y. Choi (06292553)
NEAL, GERBER & EISENBERG LLP
2 N. LaSalle Street, Suite 1700
Chicago, Illinois 60602
(312) 269-8000
echoi@ngelaw.com